**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

| | | |
|---|---|---|
| **MICHELLE KENNEALLY** | § | |
| | § | |
| **V.** | § | **NO. A-10-CA-289-LY** |
| | § | |
| **GULFSIDE SUPPLY, INC., d/b/a** | § | |
| **GULFEAGLE SUPPLY, INC.** | § | |

**REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE LEE YEAKEL
        UNITED STATES DISTRICT JUDGE

The Magistrate Court submits this Report and Recommendation to the United States District Court pursuant to 28 U.S.C. §636(b) and Rule 1 of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.  Before the Court is Defendant's Amended 12(b)(6) Motion to Dismiss and Brief in Support (Clerk's Doc. No. 19) filed June 24, 2010;  Plaintiff's Response to Defendant Gulfside Supply, Inc. d/b/a Gulfeagle Supply, Inc.'s Amended 12(b)(6) Motion to Dismiss (Clerk's Doc. No. 21) filed July 6, 2010; and Defendant's Reply to Plaintiff's Response to Defendant's Amended 12(b)(6) Motion to Dismiss (Clerk's Doc. No. 23) filed July 12, 2010.  On July 8, 2010, Judge Yeakel referred the Motion to Dismiss to the undersigned for report and recommendation.

## I.  STANDARD OF REVIEW

Motions to dismiss under Fed.R.Civ.P. 12(b)(6) are viewed with disfavor and are rarely granted. *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982); *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981).  When considering a motion to dismiss

for failure to state a claim, the court must accept all of plaintiff's allegations in the complaint as true. *Ballard v. Wall,* 413 F.3d 510, 514 (5th Cir. 2005).  In addition, all reasonable inferences must also be drawn in the plaintiff's favor. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

To survive a Rule 12(b)(6) motion to dismiss, a complaint must include facts that "raise a right to relief above the speculative level," and into the "realm of plausible liability." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007).  In *Twombley*, the Supreme Court recognized that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief."  Even though the complaint is to be construed liberally and in the light most favorable to the nonmoving party, a plaintiff must plead enough facts to state a claim that is at least plausible on its face. *Id.* at 1973-74.  A claim must "be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969.  Although detailed factual allegations are not necessary, a "plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1964-65 (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  A complaint must allege enough facts to move past possibility and on to plausibility of "entitlement to relief."  *Id.* at 1966.  This standard is referred to as the "flexible plausibility standard." *See Ashcroft v. Iqbal*, ___ U.S.___, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

## II.  BACKGROUND

Plaintiff Michelle Kenneally ("Plaintiff" or "Kenneally") brings this cause of action pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*., and the Americans with Disabilities Act, 42 U.S.C. § 12102 *et seq*.  She alleges she was harassed and discriminated against based upon her sex and her disability while employed for Gulfeagle Supply,

Inc., as an account manger.  Plaintiff also alleges Defendant retaliated against her and breached its fiduciary duty to her by failing to properly pay her commissions.

### III.  ANALYSIS

**A.      Respondeat Superior Claim**

Kennealy's First Amended Original Complaint states:

> 9.02     Wherever in this Complaint and Jury Demand it is alleged that GES did an act or thing, it is meant that GES' officers, agents, servants, employees, managers, supervisors or representatives did such act and/or that at the time such act were done, it was done with the full authorization or ratification of GES or was done in the normal and routine course and scope of employment of GES' officers, agents, servants, employees, managers, supervisors, or representatives.

*See* Complaint at p. 11.  Defendant moves to dismiss this claim arguing that respondeat superior is not a cause of action.  Plaintiff responds that under the theory of respondeat superior, an employer is liable for the torts of its employees.  *GTE Southwest, Inc. v. Bruce*, 998 S.W.2d 605 (Tex. 1999). Plaintiff's Response implicitly concedes that Defendant is correct, and respondeat superior is not a cause of action. However, although listed as "Count IV" Plaintiff's Complaint does not actually plead respondeat superior as a separate cause of action, but argues it as a theory through which her former employer is liable for its employee's acts.  Title VII defines "employer" to include all agents of an employer. 42 U.S C § 2000e(b).  The definition of "employer" under the ADA also specifically encompasses any agent of an employer covered by the statute. 42 U.S.C. § 12111 (1995).  Thus, this theory is only applicable if Plaintiff is alleging a separate tort by an agent of employer.  The only tort Plaintiff is pleading is one for breach of fiduciary duty.  However, applicable or not, although delineated a "Count" Plaintiff's respondeat superior "claim" is not a cause of action but only possibly

irrelevant verbiage.  To the extent Plaintiff does improperly assert respondeat superior as a claim, the Court finds it should be dismissed.

**B.      Accounting and Breach of Fiduciary Duty Claim**

Kenneally's First Amended Original Complaint states:

> 10.02   GES has failed to accurately account to Plaintiff Kenneally for the adjustments to her accounts, the loss of her year-end additional bonuses, increases in pay and the like.

> 10.03   Plaintiff is entitled to a full and accurate accounting of all sales, accounts, sales accounts, adjustments, credits, commissions, and her compensation with regard to all of Plaintiff Kenneally's book, sales, accounts and compensation from 2004 until the date of her discharge on June 23, 2009.

*See* Complaint at p. 11.  Defendant argues that Kenneally is an at-will employee and as such, Defendant owes her no fiduciary duties and she is not entitled to an accounting.  Plaintiff responds that although she was an at-will employee, as a sales agent who depended upon accurate recordkeeping to determine her compensation – including commissions and bonuses, Plaintiff's compensation relationship with her employer was a contractual joint venture.  As such, Plaintiff argues that Defendant owes her certain fiduciary duties and she is entitled to an equitable accounting of her sales and commissions.

An action for an accounting is generally founded in equity. *See T.F.W. Mgt., Inc. v. Westwood Shores Prop. Owners Ass'n*, 79 S.W.3d 712, 717 (Tex.App. – Houston [14th Dist.] 2002, pet. denied); *Southwest Livestock & Trucking Co. v. Dooley*, 884 S.W.2d 805, 809 (Tex. App. – San Antonio 1994, writ denied) (*citing Palmetto Lumber Co. v. Gibbs*, 80 S.W.2d 742, 748 (Tex. 1935)). To be entitled to an accounting, a plaintiff generally must have a contractual or fiduciary relationship with the party from whom the plaintiff seeks the accounting. *T.F.W. Mgt., Inc.*, 79 S.W.3d at 717.

4

Plaintiff has pled that Defendant had a fiduciary duty to properly keep track of and properly pay her for the commissions on her sales. Plaintiff does not plead that she and Defendant have a contractual relationship in her Amended Complaint, although she makes this argument in her Response.

Defendant contends that as Kenneally's employer, it cannot owe her a fiduciary duty. Plaintiff points to no cases finding that an employer has a fiduciary duty to its employees. To impose an informal fiduciary duty in a business transaction, the special relationship of trust and confidence must exist prior to, and apart from, the agreement made the basis of the suit. *See Transport Ins. Co. v. Faircloth*, 898 S.W.2d 269, 280 (Tex. 1995). Plaintiff has not pled such a special relationship here. Moreover, an employer does not owe an employee a duty of good faith and fair dealing. *City of Midland v. O'Bryant*, 18 S.W.3d 209, 216 (Tex. 2000). Thus, the Court finds Defendant is correct and Plaintiff cannot make out a claim that it has breached a fiduciary duty to her.

However, under Texas law, a commissioned employee may bring a common law cause of action for unpaid commissions or wages. *See Tricon Tool & Supply, Inc. v. Thumann*, 226 S.W.3d 494, 500 (Tex.App.-Houston [1st Dist.] 2006, pet. denied). Usually, such a cause of action is brought as a breach of contract cause of action – even by an otherwise at-will employee. *See Schwager v. Telecheck Services, Inc.*, 2002 WL 31995012 (Tex. App. – Hous. [14th Dist.]) (unpublished opinion).

Despite the fact that Plaintiff has inartfully pled and incorrectly labeled her cause of action, it is evident from her Complaint that Plaintiff is attempting to make a breach of contract claim for any unpaid commissions she might be owed from Defendant, her former employer. Any information she might need to prove this claim at trial may be procured through discovery. The Court finds that as currently pled, Plaintiff's Accounting and Breach of Fiduciary Duty cause of action should be

dismissed, and recommends that the District Court give Plaintiff an additional opportunity to re-plead any claim she might have for unpaid commissions owed to her under the correct legal theory and request the proper remedy.

## IV.  RECOMMENDATION

Based on the above, the Magistrate Court **RECOMMENDS** that the District Court **GRANT** Defendant's Amended 12(b)(6) Motion to Dismiss and Brief in Support (Clerk's Doc. No. 19) and DISMISS Plaintiff's Respondeat Superior; and Accounting and Breach of Fiduciary Duty, causes of action.  The Magistrate Court FURTHER RECOMMENDS that the District Court give Plaintiff the opportunity to re-plead and to bring a cognizable claim for unpaid commissions.

## V.  WARNINGS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  *See Battle v. United States Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from *de novo* review by the District Court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140, 150-53 (1985); *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 13th day of August, 2010.

_____

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE