IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| MICHELLE KENNEALLY | § | |
| | § | |
| V. | § | A-10-CA-289 AWA |
| | § | |
| GULFSIDE SUPPLY, INC., d/b/a | § | |
| GULFEAGLE SUPPLY, INC. | § | |

**ORDER**

Before the Court is Defendant Gulfside Supply Inc.'s Motion for Summary Judgment (Clerk's Doc. No. 52). Despite the Court ordering Plaintiff Michelle Kenneally to respond to the motion by February 17, 2012 (Clerk's Doc. No. 72), no response has been filed.[1] The Court will therefore proceed to rule on the motion without a response. A party responding to a motion for summary judgment has an evidentiary burden to carry in order to defeat summary judgment. Therefore, if the summary judgment evidence presented by Gulfside demonstrates the absence of any genuine dispute of material fact on all elements of Kenneally's claim, and that it is entitled to judgment on those facts, then summary judgment must be granted in favor of Gulfside.

**I.      Introduction**

Plaintiff Michelle Kenneally filed suit against her former employer, Gulfside Supply Inc., under Title VII and the Americans with Disabilities Act (ADA). She claims that Gulfside discriminated and harassed her based on her sex, disability, and marital status. She alleges that Gulfside knew about the harassment and discrimination and retaliated against her after she reported the maltreatment. And she claims that Gulfside breached a contract with her when it terminated her.

---

[1] The Court notes that this is the second time the Plaintiff's counsel failed to respond to the summary judgment motion within the time provided by the local rules or court order.

**II.     Factual Background**

Unlike traditional motions for summary judgment, where the Court must take the facts in the light most favorable to the plaintiff, in an unopposed motion for summary judgment, the Court must take the facts from the only source available, the movant.  And unlike a motion to dismiss, where the Court must take all of the plaintiff's allegations as true, in a motion for summary judgment, the plaintiff must produce evidence that supports her claim.  The facts in this section are thus based on the evidence Gulfside has submitted in its motion.

Kenneally started working for Gulfside in 2004 as a territory sales manager.  Troy Moody recruited her and supervised her once she started working for Gulfside.  One other territory sales manager, Roger McCown, also reported to Moody, and Kenneally admitted in her deposition that she did not know about how Moody treated McCown, how Gulfside paid McCown, or if McCown's responsibilities differed from her own.  In her deposition, she only offered up rumors as evidence that male sales managers received benefits and leeway withheld from her.  For example, she admitted that she "did not know what Roger McCown did or who he took where."  Deposition of Kenneally at 16.  And she could not provide any evidence that McCown could service customers outside Austin or did not have to fill out similar amounts of paperwork.  *Id.* at 72.  Nor could she substantiate her claims about pay disparity.  *Id.* at 18–19.

Further, Kenneally's relationship with Moody weakens her claim that he discriminated against her.  Not only did Moody hire her, but he also mentored her and developed a close friendship with her.  She wrote in her journal that she has "another special man in my life that is my mentor, my friend and like a father to me, my boss, I call him Papa Troy."  *Id.* at 89.  Moody praised

Kenneally's contributions to the company and advocated for her to receive her commissions on her account while she was on leave after surgery. Kenneally even turned to Moody and his wife after she was diagnosed with breast cancer, and she wrote in her journal that she "needed them and nobody else would do at that time." *Id.* at 88. She continued to praise him in her journal after a human resources (HR) employee told her that Gulfside would have to terminate her employment if she could not return when her leave expired on June 18, 2009. *Id.* at 81–82.

Kenneally also failed to contact the HR department to voice her concerns because she worried about repercussions of doing so. She claims that it was known throughout the company that the HR department did not solve employee problems, yet she could not point to a single incident where someone had an issue with the HR department or suffered retaliation. *Id.* at 23–24, 31. Not only did she not speak to the HR department, but she also did not call the ethics hotline that allowed employees to report incidents anonymously. *Id.* at 101–02.

Having exhausted all of her leave time, when Kenneally could not return to work after complications stemming from her surgery for breast cancer, Gulfside terminated her employment. In doing so, Gulfside told her that she was eligible for rehire if she became healthy enough to return to work. Declaration of Troy Moody ¶ 5.

### III. Summary Judgment Standard

Summary judgment shall be rendered when the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could

return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508. Further, a court "may not make credibility determinations or weigh the evidence" in ruling on a motion for summary judgment. *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000); *Anderson*, 477 U.S. at 254–55.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence demonstrating a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary judgment evidence and thus are insufficient to defeat a motion for summary judgment*.* *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary judgment evidence. *Id*. The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish the existence of an element

essential to its case and on which it will bear the burden of proof at trial, then summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

**IV.    Americans with Disabilities Act**

It is undisputed Kenneally offers only circumstantial evidence to show the alleged unlawful discrimination under the ADA; therefore, the Court applies the *McDonnell Douglas* burden-shifting analysis to the claim. *See McInnis v. Alamo Cmty. Coll. Dist.*, 207 F.3d 276, 279 (5th Cir. 2000) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)). Under this framework, a plaintiff must first make a prima facie case of discrimination under the ADA by establishing the following: (1) she suffers from a disability; (2) she is qualified for the job despite the disability; (3) she was subjected to an adverse employment action due to her disability; and (4) she was treated less favorably than non-disabled employees. *Id.* at 279–80. Once the plaintiff makes this prima facie showing, the burden then shifts to the employer to articulate a "legitimate, non-discriminatory reason for the adverse employment action." *Id.* at 280. Once the employer articulates such a reason, the burden shifts back to the plaintiff, to establish by a preponderance of the evidence that the articulated reason was merely "a pretext for unlawful discrimination." *Id.* (citation omitted).

Kenneally fails to demonstrate a prima facie case because she cannot satisfy the second or the fourth prong. She was not qualified for the job despite her disability because she was not physically capable of returning to work. And she did not produce any evidence that other employees were treated more favorably than her. Even if Kenneally had to fill out extra paperwork or ask for permission to entertain clients, these are not the "ultimate employment decisions" required to satisfy the "adverse employment action" element. *See McFall v. Gonzales*, 143 F. App'x 604, 608 (5th Cir. 2005).

Kenneally did eventually suffer an adverse employment action—termination—but even if she could satisfy a prima facie case on this point, without a response to the motion, she has failed to rebut Gulfside's legitimate, non-discriminatory reason for her termination: she used up her disability leave and had no remaining leave at a time that she was unable physically to return to work. Because she failed to rebut Gulfside's reason for firing her—absenteeism—Kenneally cannot establish that the articulated reason for her termination was merely a pretext for unlawful discrimination. Therefore, her ADA claim fails.

## V.     Title VII

To establish a prima facie case of sex discrimination under Title VII, an employee must demonstrate: (1) she is a member of a protected class, (2) she was qualified for the position at issue, (3) she was the subject of an adverse employment action, and (4) she was treated less favorably because of her membership in the protected class than were other similarly situated employees who were not members of the protected class, under nearly identical circumstances. *Lee v. Kansas City S. Ry. Co.*, 574 F.3d 253, 259 (5th Cir. 2009) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973)). Once an employee has made out a prima facie case, an inference of intentional discrimination is raised and the burden of production shifts to the employer, who must offer an alternative non-discriminatory explanation for the adverse employment action. *Id.* (internal citations omitted). If the employer can provide a legitimate nondiscriminatory explanation, the inference of discrimination drops out and the burden shifts back to the employee to demonstrate that the employer's explanation is merely a pretext for bias on the basis of sex. Id.

This analysis mirrors her ADA claim. Again, Kenneally fails to identify other employees outside of her protected class that received favorable treatment. And again, she fails to rebut

Gulfside's legitimate, non-discriminatory reason for taking an adverse employment action. Because she cannot make a prima facie case of discrimination and she cannot rebut Gulfside's legitimate, non-discriminatory reason for firing her, her Title VII claim also fails.

## VI. Other Claims

Kenneally also claims that she suffered from harassment, and while she cannot identify a single incident of sexual harassment, she claims that Moody harassed her about her medical condition when he "made fun of me when they thought I had thyroid cancer." Deposition of Kenneally at 39–40. But this is an isolated comment, and she admits that he was joking because he did not think she had cancer, and he felt guilty about it after he found out she had cancer. *Id.* It was not sufficiently severe or pervasive to create a hostile work environment. And she did not report it either to the HR department or call the anonymous ethics hotline, so Gulfside could not intervene. Because she does not demonstrate that Gulfside created or tolerated a hostile work environment, her claim fails.

Finally, Kenneally claims that Gulfside breached its contract with her when it fired her, even though she was physically unable to return to work. While she had an employment contract, she admitted that she needed to perform for her contract to continue. When she could not return to work, she breached the contract and relieved Gulfside's obligation to retain her. Therefore, her claim for breach of contract fails.

## VI. Conclusion

Gulfside made an initial showing that there is no evidence to support Kenneally's case, and she has failed to come forward with competent summary judgment evidence to demonstrate a genuine dispute of a material fact. She failed to identify other non-disabled or male employees who

were treated better than she was.  She also failed to rebut Gulfside's legitimate, non-discriminatory reason for terminating her.  She could not demonstrate that Gulfside created or tolerated a hostile work environment, or that it breached its contract with her.  THEREFORE, the Court HEREBY GRANTS the Defendant's Motion for Summary Judgment (Clerk's Doc. No. 52).

ACCORDINGLY, all of Plaintiff's claims are DISMISSED WITH PREJUDICE.  A judgment consistent with this ruling will be entered contemporaneously with this order.

SIGNED this 5th day of March, 2012.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE